# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

FRANK SANCHEZ,

        Plaintiff,

v.

No. CIV 07-039-RAW-KEW

ROBERT KING and
OFFICER JOHNSON,

        Defendants.

FILED
MAR 14 2008
William B. Guthrie
Clerk, U.S. District Court
By_____ Deputy Clerk

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss. The court has before it for consideration plaintiff's complaint, the defendants' motion, and plaintiff's response. Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983 seeking relief for alleged constitutional violations occurring during his incarceration at Davis Correctional Facility (DCF), a private prison in Holdenville, Oklahoma. The defendants are DCF Case Manager Robert King and Officer Johnson, the DCF Chief of Security.

Plaintiff alleges he had problems with a prison gang on four different prison yards, but the defendants repeatedly tried to send him back to the general population. He refused housing assignments, resulting in numerous misconducts, so he could stay away from the gang. He claims the facility staff retaliated against him by placing him with dangerous inmates, when he needed to be in permanent protective custody.

The defendants have filed a motion to dismiss, alleging plaintiff has not properly

exhausted his administrative remedies, pursuant to 42 U.S.C. § 1997e(a). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds, Jones v. Bock*, ___U.S.___, 127 S.Ct. 910 (2007).

DCF Grievance Policy 14-5 sets forth the specific steps an inmate must complete to exhaust administrative records. *See* Docket #28-2. The first step of the process is filing a Request to Staff to attempt an informal resolution. If the issue is not resolved, the inmate may file a grievance within seven days of an incident. After the Grievance Officer has responded, the inmate may appeal to the Warden/Administrator or designee.

Plaintiff alleges he filed Requests to Staff on December 14, 2006, and December 22, 2006, raising the issues in this lawsuit. He asserts the staff never responded to his requests, but he does not claim he pursued these issues through the formal resolution process at DCF.

The record shows plaintiff filed 12 Requests to Staff, none of which concerned his housing assignment, his perceived danger from the prison gang, or retaliation by prison staff. *See* Docket #28-3. Alisha Byerly, DCF Grievance Coordinator, states by affidavit that she reviewed the facility's grievance logs, and plaintiff filed no grievances while housed at DCF from August 15, 2006, to January 11, 2007. *See* Docket #28-4. The court, therefore, finds petitioner has failed to exhaust his administrative remedies for the claims in this civil rights action.

**ACCORDINGLY,** the defendant's motion to dismiss [Docket #28] is GRANTED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE for failure to

exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED** this  14th  day of March 2008.

*/s/ Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**